IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JESSE JAMES TYSON, JR.,

        Petitioner,

    v.

ROB PERSSON,

        Respondent.

Civil No. 6:12-cv-00154-JO

OPINION AND ORDER

    KRISTINA HELLMAN
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    SAMUEL A. KUBERNICK
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

JONES, Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#27) is DENIED.

## BACKGROUND

On November 1, 2004, a Marion County grand jury indicted Petitioner on one count of Assaulting a Public Safety Officer and one count of Attempted Assaulting [sic] a Public Safety Officer. Resp. Exh. 102. On February 23, 2005, Petitioner pleaded guilty to the Assault charge and the state agreed to dismiss the Attempted Assault charge. Resp. Exh. 103. Pursuant to the plea agreement, both sides were "free to recommend [the] sentence." *Id.* The trial judge sentenced Petitioner to 60 months of probation, which was a downward dispositional departure from the presumptive prison term of 25 to 30 months. Resp. Exhs. 101, 109, 138. The terms and restrictions of Petitioner's probation required Petitioner, *inter alia*, to "[r]efrain from knowingly associating with persons who use or possess controlled substances illegally, or from going to places where such substances are kept or sold." Resp. Exh. 118, p. 2.

On October 17, 2006, a Marion County judge found Petitioner in violation of the terms of probation based upon his failure to maintain contact with his probation officer and his move to a new residence without prior permission. Resp. Exh. 134. As a result

2 - OPINION AND ORDER -

of those violations, the trial judge converted Petitioner's probation to "zero tolerance." *Id.* The judge explained in the Judgment of Violation that "any [future] violation will result in revocation." *Id.*

On March 22, 2007, a Marion County judge issued an Order requiring Petitioner to show cause why his probation should not be revoked on the basis of allegations that Petitioner had violated the terms of his probation because he was, *inter alia*, "[a]ssociated with [a] drug residence." Resp. Exh. 135. On June 8, 2007, the trial court held a probation hearing. Resp. Exh. 109. At the hearing, Petitioner's probation officer, Robert Otis, testified that Petitioner admitted he had been at a home where "alcohol and illegal drugs" were being used. Resp. Exh. 109, pp. 1-5, 16-18.

Otis testified he called Petitioner in to his office and had Petitioner provide a UA sample, which field-tested positive for methamphetamine. *Id* at p. 4. When Otis asked Petitioner how illegal drugs could have gotten into his system, Petitioner "admitted that he was at a party -- being at a residence where a party had taken place, and there was alcohol and illegal drugs." *Id.* Otis reiterated his statement on cross-examination, testifying "[Petitioner] admitted freely and openly that he was at a residence where there were drugs, that he observed drugs at a residence." *Id.* at p. 8.

3 - OPINION AND ORDER -

Stayton Police Officer Brandon Hamilton also testified at the revocation hearing. Hamilton testified that he was standing in the hall just outside Otis's office when Petitioner was there, and that the office door was open so he could clearly hear their conversation. *Id* at p. 17. Hamilton stated:

> As I was standing in the hall, Probation Officer Otis had asked [Petitioner] because his UA came back positive, how -- how he would have ingested the illegal substances. And as that -- it was at that point that he said that he had been at a house where there was alcohol and illegal drugs being used.

*Id.*

Petitioner testified in his own defense and denied making the admission to Otis. *Id* at pp. 20-23. He testified: "I have never been, and I would -- never will be at a place that use [sic] drugs, because I know that's a violation." *Id* at p. 23. When asked if he had any conversation about the issue with Otis, Petitioner said "[n]o, I didn't -- I didn't have no conversation as far as telling him that I was at a -- a drug house or anything like that. I told him that I was at a family get-together. . . ." *Id.*

At the conclusion of the hearing, the trial judge found Petitioner in violation of the terms of his probation. The judge explained:

> Well, let me tell you where I am on this. I've got Officer Otis and a police officer saying that they both heard him say that he was a place where alcohol and illegal substances were being used, but he continued

4 - OPINION AND ORDER -

> denying that, although the others were using drugs and drinking alcohol, he did not partake in that activity.
>
> My understanding of [Petitioner's] testimony is that -- I'm kind of paraphrasing here -- that, well, yeah, I went to a party, but I didn't tell them illegal substances were being used. Okay.
>
> . . . And so, by a preponderance of the evidence I'm going to accept the testimony, and find that he admitted that he was at a place where illegal substances were used. And at a party -- and a party, to me, constitutes associating.
>
> And so I am going to find that he violated by knowingly associating with persons who used or possessed controlled substances.

*Id* at pp. 33-34. The trial judge revoked Petitioner's probation and sentenced him to 30 months of imprisonment, followed by 36 months of post-prison supervision. Resp. Exhs. 101, 109, pp. 39-41.[1]

Petitioner filed a direct appeal. In a *pro se* supplemental brief, he argued the trial court violated his due process rights and abused its discretion in revoking his probation where the state failed to proved by a preponderance of evidence that Petitioner violated the terms of his probation. Resp. Exh. 111. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Tyson*, 228 Or. App. 757, 210 P.3d 945, *rev. denied*, 346 Or. 590, 214 P.3d 822 (2009).

---

[1]Subsequently, the trial judge granted Petitioner's unopposed motion to correct the judgment to reduce the length of post-prison supervision to 24 months to comply with Oregon law. Resp. Exhs. 101, 138, 139, 140.

5 - OPINION AND ORDER -

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, Petitioner's court-appointed attorney filed a *Balfour* brief.[2] Petitioner did not submit a Part B to the *Balfour* brief. The Oregon Court of Appeals affirmed without opinion. *Tyson v. Nooth*, 244 Or. App. 693, 258 P.3d 538 (2011). Petitioner did not seek review from the Oregon Supreme Court.

On January 27, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. The court appointed counsel to represent Petitioner, and on July 30, 2012, counsel filed an Amended Petition for Writ of Habeas Corpus alleging two grounds for relief:

> **First Claim for Relief**
> **Fourteenth Amendment to the United States Constitution**
> **Due Process**
>
> [Petitioner] pleads on information, belief, and/or personal knowledge that his convictions were obtained in violation of the Fourteenth Amendment to the United States Constitution when the trial court found him in

---

[2]Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

6 - OPINION AND ORDER -

violation of his probation after the state failed to prove the violations by a preponderance of the evidence. *Gagon v. Scarpelli*, 411 U.S. 778 (1973) and *Morrissey v. Brewer*, 408 U.S. 471 (1972).

**Second Claim for Relief**
**Sixth Amendment to the United States Constitution**
**Ineffective Assistance of Counsel**

[Petitioner] pleads on information, belief, and/or personal knowledge that he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution when counsel:
1. failed to fully investigate [Petitioner's] case, including but not limited to:
    a. all of the allegations used to violate [Petitioner's] probation, such as the fact that the District Attorney was claiming that [Petitioner] violated his probation by admitting to frequenting a drug house;
    b. reviewing and ascertaining the reason why [Petitioner] was found in violation at his first probation violation hearing;
    c. discussing and reviewing with [Petitioner] the reasons why he had previously been unable to make his required check-in with his probation officer; and
    d. by not fully reviewing the fact that the police were prejudice [sic] against [Petitioner] because of a previous incident with the same officers.
2. failed to investigate witnesses on [Petitioner's] behalf, including but not limited to:
    a. Chris Lamban, who could have testified to the fact that [Petitioner] was not a drug house and that he had in fact been with her at a family reunion, this witness was present in the courtroom and was not called to testify on [Petitioner's] behalf;
    b. Chris Lamban's parents, who could have testified that [Petitioner] was in fact with Chris Lamban at her family reunion; and
    c. [Petitioner's] employer and supervisor from Phillips Construction.

7 - OPINION AND ORDER -

3. failed to call Chris Lamban to testify during the second probation violation hearing so that she could verify [Petitioner's] whereabouts.
4. failed to object to or challenge the District Attorney's allegations of why [Petitioner] violated his probation.
5. failed to obtain and review a police report regarding [Petitioner's] arrest, had trial counsel reviewed the report he would have ascertained that the District Attorney was proceeding forward on an allegation that [Petitioner] frequented a drug house.
6. failed to adequately cross-examine the police officers as they contradicted themselves.

Respondent contends Petitioner procedurally defaulted the claims alleged in Ground Two, and that he is not entitled to relief on the claim alleged in Ground One because the PCR court's decision denying relief was not contrary to or an unreasonable application of clearly established federal law.

## DISCUSSION

### I. Relief on the Merits - Due Process Claim Alleged in Ground One

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring

8 - OPINION AND ORDER -

federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005).

A federal court making an "unreasonable application" inquiry should ask whether the state court's application of federal law was objectively unreasonable. *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted). Instead, "a habeas court must

9 - OPINION AND ORDER -

determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Probation revocation is not part of a criminal prosecution. As such, the full panoply of rights due a defendant in such a proceeding does not apply to probation revocations. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). A probationer facing revocation is, however, entitled to the same due process protections as described in *Morrissey v. Brewer*, 408 U.S. 471 (1972) for a defendant in a parole revocation proceeding. *Gagnon*, 411 U.S. at 778. Thus, a probationer is entitled to:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witness and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on reasons for revoking [probation].

10 - OPINION AND ORDER -

*Morrissey*, 408 U.S. at 489.

Under Oregon law, "the inquiry at a probation revocation hearing is whether, by virtue of a new crime or noncompliance with conditions of probation, . . . the purposes of probation will be best served by continued probation and deferred incarceration." *State v. Eckley*, 34 Or. App. 563, 567, 579 P.2d 291 (1978) (citations omitted). In Oregon, the state bears the burden to prove the existence of a probation violation by a preponderance of the evidence. *State v. Donovan*, 305 Or. 332, 335, 751 P.2d 1109 (1988) (en banc).

The trial judge found, based on the testimony of probation officer Otis and police officer Hamilton, that Petitioner had admitted to being at a party where people were using alcohol and drugs, which violated a condition of Petitioner's probation. Although Petitioner testified to the contrary, the trial court was not required to believe Petitioner's testimony.

In rejecting Petitioner's version of his encounter with Otis, the trial judge, at least implicitly, found Petitioner not credible. Under § 2254(d)(2), that finding is entitled to deference unless it was objectively unreasonable in light of the evidence presented at the hearing. *Weaver v. Palmateer*, 455 F.3d 958, 965 (9th Cir. 2006), *cert. denied*, 552 U.S. 873 (2007). Petitioner has not established the trial judge's credibility determination was objectively unreasonable.

11 - OPINION AND ORDER -

Accordingly, the decision to revoke Petitioner's probation was not based on an unreasonable determination of the facts in light of the evidence presented, and was not contrary to or an unreasonable application of clearly established federal law. Habeas corpus relief must be denied on the due process claim alleged in Ground One.

## II. Procedural Default - Ineffective Assistance of Counsel Claims Alleged in Ground Two

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. *Keeney v. Tomayo-Reyes*, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. *Boerckel*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the

12 - OPINION AND ORDER -

petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 750.

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. *Id.*

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451. To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner alleges several claims of ineffective assistance of counsel in Ground Two. Petitioner raised these claims in his formal state PCR petition. However, the claims were not raised in Petitioner's brief on appeal from the denial of the PCR petition, and Petitioner did not seek review from the Oregon Supreme Court. Because the time for Petitioner to do so has long since expired[3],

---

[3] *See* Or. Rev. Stat. § 138.650.

13 - OPINION AND ORDER -

all of the ineffective assistance of counsel claims alleged in Ground Two are procedurally defaulted.

To the extent Petitioner argues the ineffective assistance of his court-appointed counsel in the PCR appeal constitutes "cause" to excuse his procedural default, the argument is without merit. In *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012), the Supreme Court recognized that post-conviction counsel's ineffectiveness may constitute "cause" to excuse a procedural default where, "under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding." *Martinez*, 132 S.Ct at 1320; *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), *pet'n for cert. filed*, No. 12-6861 (Oct. 19, 2012). The limited *Martinez* exception is inapplicable here, however, because it does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S.Ct. at 1320; *Bray v. Belleque*, 2012 WL 1409328, *4 (D.Or., Apr. 19, 2012).

Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default of the claims alleged in Ground Two. Accordingly, habeas corpus relief must be denied on those claims.

14 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the court DENIES the Amended Petition for Writ of Habeas Corpus (#27) and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of November, 2012.

                          Robert E. Jones
                          United States District Judge